UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRIAN HARRIS AUTO GROUP

VERSUS

AUTOMATIC DATA PROCESSING, INC.

CIVIL ACTION

NUMBER 10-290-BAJ-SCR

### RULING ON MOTION TO COMPEL

Before the court is a Motion to Compel Discovery Responses filed by defendant ADP Dealer Services, Inc., formerly known as ADP, Inc. Record document number 46. No opposition has been filed.

Defendant served the plaintiffs Harris Chevrolet, Inc. and Harris Chevrolet II, LLC with its first set of interrogatories and requests for production of documents on July 12, 2011.[1] According to the defendant, as of the date the defendant filed this motion the plaintiffs had not responded to the discovery requests. Defendant's motion showed that despite communications with counsel for the plaintiff at the end of August and beginning of September, the plaintiffs have still not provided their answers and produced responsive documents.[2] Nor have the plaintiffs responded to this motion or otherwise furnished any information indicating when they will provide their discovery responses.

---

[1] Record document number 46-2.

[2] Record document numbers 46-3 and 46-4.

Plaintiffs' failure to either answer or object to the interrogatories and produce responsive documents demonstrates that under Rule 37(d)(1)(A)(ii), Fed.R.Civ.P., the defendant is entitled to an order imposing sanctions and compelling the plaintiffs to respond to the discovery requests.[3]  Plaintiffs must answer the interrogatories and produce all responsive documents for inspection and copying within 14 days.  No objections will be allowed.[4]  However, other than recovery of its expenses, the defendant did not seek imposition of any of the additional sanctions available under Rule 37(d)(3).[5]

Under Rule 37(d)(3), the court must require the party failing to act or the attorney advising that party, or both, to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees.  But, the court must not order the payment if the motion was filed without the movant first making a good faith effort to obtain the discovery without court action, the party's nondisclosure, response or objection was substantially justified, or other circumstances make an award of expenses unjust.

---

[3] Defendant cited Rule 37(a), but when a party totally fails to serve any response to a discovery request Rule 37(d) applies.

[4] Generally, discovery objections are waived if a party fails to timely object to interrogatories, production requests or other discovery efforts.  *See*, *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir.), *reh'g denied*, 869 F.2d 1487 (5th Cir. 1989); *Godsey v. U.S.*, 133 F.R.D. 111, 113 (S.D. Miss. 1990.)

[5] Rule 37(d)(3) incorporates the sanctions available under Rule 37(b)(2)(A)(i)-(vi).

2

See Rules 37(d)(1)(B) and (d)(3).

Defendant's motion shows it made a good faith attempt to obtain the plaintiffs' discovery responses without court action. Plaintiffs failed to respond to the discovery requests and to the defendant's efforts to obtain their discovery responses. This demonstrates that the defendant is entitled to reasonable expenses under Rule 37(d)(3).[6] Defendant did not submit anything to support a request for a specific amount of expenses. A review of the motion and memorandum supports the conclusion that an award of $250.00 is reasonable.

Accordingly, the Motion to Compel Discovery Responses filed by defendant ADP Dealer Services, Inc. is granted. Plaintiffs shall serve their answers to the interrogatories and produce for inspection and copying all documents responsive to the defendants' requests for production of documents, without objections, within 14 days. Pursuant to Rule 37(d)(3), the plaintiffs are also ordered to pay to the defendant, within 14 days, reasonable expenses in the amount of $250.00.

Baton Rouge, Louisiana, November 2, 2011.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[6] There are no facts which show that the plaintiffs' failure to serve discovery responses was substantially justified and there are no circumstances which would make an award of expenses unjust.